[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12569
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60257-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALAN D. MENDELSOHN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2012)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Alan D. Mendelsohn appeals his forty-eight-month sentence imposed after he pled guilty to one count of conspiracy to commit wire fraud, file false tax returns, and make false statements, in violation of 18 U.S.C. § 371. On appeal, Mendelsohn argues that the district court erroneously applied two separate sentence enhancements and that his sentence is substantively unreasonable.

Mendelsohn first claims that the district court miscalculated the Guideline range in enhancing his sentence. However, we need not address whether the district court misapplied the enhancements because the district court stated that it would have imposed the same sentence regardless of the result of its Guidelines calculation. See United States v. Keene, 470 F. 3d 1347, 1348 (11th Cir. 2006).

Mendelsohn also argues that his sentence is unreasonable because the district court imposed a sentence that was more than two-and-a-half times greater than the applicable Guideline range[1] based on erroneous factual findings. Specifically, Mendelsohn claims that the district court erroneously interpreted payments that he made to an employee of a Florida legislator as bribes. However, the district court did not clearly err because Mendelsohn pled guilty to making payments to a Florida legislator through one of the legislator's employees in order

---

[1] When a district court states that its Guidelines calculation would not have altered its sentencing decision, we evaluate the reasonableness of the resulting sentence using the advisory range argued by the defendant. See Keene, 470 F.3d at 1349.

2

to enable the legislator to avoid paying taxes, and Mendelsohn admitted that the purpose of the payments was to obtain political influence. See Blohm v. Comm'r, 994 F.2d 1542, 1554 (11th Cir. 1993) ("A guilty plea is an admission of all the elements of a formal criminal charge.") (internal quotation marks omitted).

Mendelsohn also claims that his sentence is unreasonable because it is based on questioning by the district court during Mendelsohn's allocution that Mendelsohn contends was improper. However, the questions were intended to assist the district court's evaluation of the factors listed under 18 U.S.C. § 3553(a) and Mendelsohn's arguments in favor of mitigation, and we find no error in these questions.

Finally, Mendelsohn contends that he lacked sufficient notice that the district court would increase his sentence based on the corrupting influence of Mendelsohn's activities on Florida's political system. We find no merit in this contention because the charges in the information, the pre-sentence investigation report, and the factual basis for Mendelsohn's plea all provided Mendelsohn with notice by referring to the harm caused to Florida's political institutions by his misuse of political action committees and his payments to the Florida legislator.

**AFFIRMED**